Mary Katherine PRATHER, Appellant,

v.

Martha Jean COX, Individually and as Executrix of the Estate of William Thomas Prather, Deceased; Lewis Cox, Reginald Lang Prather, Eilene Prather, William Thomas Prather, Doris Prather, Eleanor June Rolph and Paul Rolph, Appellees.

Court of Appeals of Kentucky.

May 17, 1985.

Frank G. Gilliam, Lexington, for appellant.

David R. Marshall, Nicholasville, Thomas E. O'Shaughnessy, Versailles, for appellees.

Before COMBS, McDONALD and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Jessamine Circuit Court upholding the validity of an antenuptial agreement between appellant, Mary Katherine Prather, and her deceased husband. Appellant attacks the contract's validity and argues that the jury should have been instructed to consider whether the parties abandoned the agreement after their marriage.

The Prathers were married in 1966 when she was 51 and he was 68. Each party had children from a prior marriage, so they entered into a contract to preserve their separate estates for their families. The agreement provided that each party would retain the title, management, and control of his separate property, and each party released his legal and statutory rights in the other's estate. However, the deceased took control of all the property immediately after the marriage. The Prathers took up residence in appellant's house while Mr. Prather's daughter and her family were permitted to live in his house. He invested their separate monies in joint certificates of deposit, combined their tobacco bases and farming operations, and managed their income and expenses through joint bank accounts.

Mr. Prather died testate in 1979. Under the terms of his will he left appellant any

automobile owned by him at death and devised the rest of his estate to his children, so appellant elected to take against the will. Appellee, the estate's executrix, pleaded the antenuptial agreement as a bar to the widow's statutory rights, but appellant argued that the contract was either void from the beginning or abandoned after the marriage. Although appellant tendered instructions covering both issues to the trial court, the court only placed the question of the initial validity of the agreement before the jury.

 We think the trial court erred in failing to submit appellant's theory of the case to the jury. Abandonment is a recognized defense to the enforcement of an antenuptial agreement in Kentucky, *Harlin v. Harlin*, 261 Ky. 414, 87 S.W.2d 937 (1935), and a great part of appellant's proof at trial was directed towards establishing that defense. There was sufficient evidence in the record for reasonable minds to conclude that Mr. Prather had completely violated the agreement throughout the marriage but the trial court withheld that issue from the jury, reasoning that the deceased's behavior "was only an alteration of the original contract."

It was improper for the trial court to settle disputed issues of fact. Having invoked her constitutional and statutory right to a jury trial, appellant is entitled to have her case decided by the jury, not the court.

The judgment of the Jessamine Circuit Court is reversed and remanded for a new trial.

McDONALD, J., concurs.

WILHOIT, J., concurs in part and dissents in part.

WILHOIT, Judge, concurring in part and dissenting in part.

I concur in the majority opinion insofar as it appears to affirm the jury's verdict; however, I respectfully dissent from its treatment of the abandonment question because I do not believe there was sufficient evidence produced at trial to create a jury question as to the abandonment of the antenuptial agreement. The appellant has referred us to no evidence in the record which shows that the parties intended by their contract to preclude the decedent from managing the appellant's property and business affairs with her permission. There was no evidence showing that the appellant considered the decedent's management of her property as anything contrary to their agreement. The agreement itself would not seem to preclude the appellant from permitting her husband to act as her agent in the management of her property, and the parties apparently did not interpret it to do otherwise. There was just not enough evidence to establish that the decedent failed to carry out any terms of the agreement with actual or constructive knowledge of their proper interpretation. *See Harlin v. Harlin*, 261 Ky. 414, 87 S.W.2d 937 (1935).

Even if the majority is correct as to the question of abandonment, the new trial which it orders should be limited to that question alone.